FILED
 2014 Aug-25  PM 04:05
U.S. DISTRICT COURT
    N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BRUCE MCLEOD and** )<br>**GWENDOLYN MCLEOD,** )<br>)<br>  **Plaintiffs,** )<br>) **Civil Action No.:**<br>v. ) **2:14-cv-00703-SLB**<br>)<br>**CALIBER HOME LOANS, INC.** )<br>**f/k/a VERICREST FINANCIAL,** )<br>**INC.,** )<br>)<br>  **Defendant.** ) | |

## AMENDED COMPLAINT

**COME NOW** the Plaintiffs, by and through counsel, and for Plaintiffs' Amended Complaint against the Defendant states as follows:

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act[1]  (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]), out of state law violations and out of the invasion of Plaintiffs' personal and financial privacy by the Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiffs.

---

[1] Any reference the FDCPA or any part thereof encompasses all relevant parts and subparts thereto.

## RECOGNITION OF THE WIDESPREAD ABUSE BY COLLECTORS

2. Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

   (a) There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.
   (b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
   (c) **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.
   (d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.
   (e) It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## PARTIES

3. Plaintiffs Bruce McLeod and Gwendolyn McLeod (hereinafter "Plaintiffs") are natural persons who are residents of Florida (Bruce) and Alabama

2

      (Gwendolyn ), and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Caliber Home Loans, Inc. f/k/a[2] Vericrest Financial, Inc., ("Defendant" or "Caliber") is a foreign debt collection firm incorporated in Delaware with its principal place of business in Oklahoma that engages in the business of debt collection of alleged defaulted debts. It conducts business in Alabama.

## VENUE

5. Venue is proper in this Court as Plaintiffs are resident citizens of this Judicial District, and all or substantially all of the wrongs complained of occurred in this county.

## STATEMENT OF FACTS

6. Plaintiffs allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. The debt was on Plaintiffs' home.

8. Defendant claimed to be a collector on this debt as of April 16, 2013.

---

[2] The name change occurred in the summer of 2013 per a letter dated May 14, 2013, stating to Plaintiffs that only the name was changing to Caliber Home Loans, Inc.

9. Defendant Caliber (Vericrest Financial, Inc. at the time) first contacted Plaintiffs by letter dated April 23, 2013.

10. Defendant represented "The transfer of servicing of your mortgage account to [Defendant] will not affect any term or condition of your mortgage."

11. This representation proved to be false as Defendant attempted to change the terms and artificially inflate the amount Plaintiffs owed.

12. Plaintiffs received harassing and abusive phone calls and letters from Defendant.

13. Plaintiffs needed to sell their home to pay off the mortgage and make a profit.

14. Defendant Caliber continued to claim Plaintiffs owed over $190,000 when the amount owed was less than $180,000.

15. Due to Defendant Caliber's false statements and attempts to collect more money than Plaintiffs owed, the sale fell through.

16. This caused Plaintiffs past and future economic loss and mental anguish.

17. Defendant Caliber refused to tell Plaintiffs the truth (by phone and letter) on the amount owed until Defendant realized it had been caught in its misrepresentation.

18. Defendant continued to lie to Plaintiffs and bully Plaintiffs to force Plaintiffs to pay a false amount.

19. Defendant did not care its conduct caused the sale of Plaintiffs' home to fall through.

20. Defendant was only concerned with extorting money from Plaintiffs that was not owed by Plaintiffs to Defendant.

21. By letter dated July 26, 2013, Senior Vice President Martha Ellis admitted that the amount of debt had been "incorrectly stated" and that Caliber wanted Plaintiffs to "accept our apologies."

22. No effort was made by Caliber to compensate Plaintiffs for their damages.

23. Defendant Caliber wrongfully converted money owed to Plaintiffs for months until it finally gave Plaintiffs money (related to escrow or overages) that Plaintiffs were entitled to receive.

### Remaining Factual Allegations Against Defendant Caliber

24. Defendant Caliber has misrepresented the debt to Plaintiffs and to others by phone, letter, and in credit reports.

25. This includes the amount of the debt.

26. This includes the legal status of the debt.

27. The debt being collected is a consumer debt as defined by the FDCPA (§1692 a(5)).

28. Plaintiffs are "consumers" as defined by the FDCPA (§1692 a(3)).

29. Defendant Caliber is a "debt collector" as defined by the FDCPA (§1692 a(6).

30. Defendant Caliber refused to give Plaintiffs all required notifications and disclosures under the FDCPA.

31. A simple example of the wrongdoing of Defendant Caliber is shown in how Defendant Caliber has treated Plaintiffs after the loan was paid off in 2013.

32. Defendant Caliber refused to give specific and identifiable money to Plaintiffs that Defendant Caliber knew belonged to Plaintiffs.

33. Then there is the conduct even after Defendant Caliber was sued in this lawsuit.

34. Not even a federal court lawsuit was enough to force Defendant Caliber to stop its illegal collection activities against Plaintiffs.

35. Defendant Caliber was served with this lawsuit on April 21, 2014.

36. Yet in a mortgage statement dated April 28, 2014, Defendant Caliber wrote directly to Plaintiffs collecting a non existent debt.

37. Defendant Caliber knew Plaintiffs were represented by counsel, yet chose to directly communicate an attempt to collect a debt to Plaintiffs.

38. The mortgage statement says "This is an attempt by a debt collector to collect a consumer debt. . . ."

39. The mortgage statement claims Plaintiffs are "362 days delinquent on [Plaintiffs'] mortgage."

40. This is false as the mortgage was paid off last year.

41. Defendant Caliber also threatened Plaintiffs with "Failure to bring your loan current may result in fees and foreclosure – the loss of your home."

42. This is false as the loan no longer existed.

43. Foreclosure was impossible as the loan was paid off.

44. The threat to charge fees was unfair and false as it is wrong to charge fees on a debt that does not exist.

45. Defendant Caliber claimed Plaintiffs owed $1194.08 that was due on May 1, 2014.

46. This is unfair, even if any debt was owed, as the time to pay was too short (due date May 1, statement date April 28).

47. In any event, this claim for $1194.08 is false as no debt is owed.

48. The conduct of the Defendant Caliber has proximately caused Plaintiffs past and future monetary loss, past and future damage to Plaintiffs' credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

49. It is a practice of the Defendant Caliber to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA and state law.

50. Defendant Caliber knows its conduct is wrong but it has chosen to conduct itself in this wrongful manner as a matter of corporate policy.

51. All actions taken by employees, agents, servants, or representatives of any type for the Defendant Caliber were taken in the line and scope of such individuals' employment, agency or representation.

52. All actions taken by the Defendant Caliber were done with malice, were done willfully, and were done with either the desire to harm Plaintiffs and/or with the knowledge that its actions would very likely harm Plaintiffs and/or that its actions were taken in violation of the FDCPA and/or state law and/or that it knew or should have known that its actions were in reckless disregard of the FDCPA and/or state law.

53. Defendant Caliber has engaged in a pattern and practice of wrongful and unlawful behavior with respect to its collection activities and as such Defendant Caliber is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by this Defendant and similar companies.

54. Defendant Caliber is liable to Plaintiffs through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees and agents, including but not limited to violations of the FDCPA and Alabama tort law, in its attempts to collect this debt from Plaintiffs.

## SUMMARY

55. All of the above-described collection activities made to Plaintiffs by Defendant Caliber were made in violation of the FDCPA, including (but not limited to) §§ 1692c(a)(2), 1692d, 1692d(5), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692e(11), 1692f, 1692f(1), 1692f(6), and 1692g.

56. The above-detailed conduct by this Defendant of harassing Plaintiffs in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, as well as an invasion of Plaintiffs' privacy by an intrusion upon seclusion and by revelation of private financial facts and resulted in actual damages to the Plaintiffs.

57. The illegal collection activities by Defendant and its agents caused Plaintiffs enormous stress and anguish as a result of these calls.

58. Defendant's repeated attempts to collect this debt from Plaintiffs and refusal to stop violating the law was an invasion of Plaintiffs' privacy and Plaintiffs' right to be left alone.

59. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiffs and caused Plaintiffs unnecessary distress.

60. Plaintiffs have suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, fear, frustration, damage to reputation, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## **RESPONDEAT SUPERIOR LIABILITY**

61. The acts and omissions of Defendant's agents who communicated with Plaintiffs as more further described herein, were committed within the line and scope of their agency relationship with their principal the Defendant.

62. The acts and omissions by these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

63. By committing these acts and omissions against Plaintiffs, these other debt collectors were motivated to benefit their principal the Defendant.

64. Defendant is therefore liable to Plaintiffs through the doctrine of Respondeat Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by its collection

employees, including but not limited to violations of the FDCPA and Alabama tort law, in their attempts to collect this debt from Plaintiffs.

### NEGLIGENT AND WANTON HIRING AND SUPERVISION

65. Defendant negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and is thereby responsible to the Plaintiffs for the wrongs committed against Plaintiffs and the damages suffered by Plaintiffs.

### CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

66. Plaintiffs incorporate by reference all of the above paragraphs of this Amended Complaint as though fully stated herein.

67. The acts and omissions of Defendant Caliber constitute numerous and multiple violations of the FDCPA with respect to the Plaintiffs, including (but not limited to) §§1692c(a)(2), 1692d, 1692d(5), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692e(11), 1692f, 1692f(1), 1692f(6), and 1692g.

68. As a result of Defendant Caliber's violations of the FDCPA, Plaintiffs are entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant Caliber.

## COUNT II.

## INVASION OF PRIVACY

69. Plaintiffs incorporate by reference all of the paragraphs of this Amended Complaint as though fully stated herein.

70. Alabama law recognizes Plaintiffs' right to be free from invasions of privacy and Defendant violated Alabama state law as described in this Amended Complaint.

71. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

72. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and

>confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

73. Defendant and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs, namely, by and unlawfully attempting to collect a debt and thereby invaded Plaintiffs' privacy.

74. Defendant also intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs and thereby invaded Plaintiffs' right to financial privacy.

75. Defendant and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiffs by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiffs' right to privacy.

76. Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns or affairs, and private financial information.

77. The Defendant's conduct was unreasonable debt collection as it can never be reasonable to claim a false amount owed; to attempt to force a consumer to pay money not owed; to cause a real estate sale to fall through; to lie about the debt; to refuse to offer to make right the terrible situation Defendant

13

caused Plaintiff to be put into by its wrongful conduct; to threaten foreclosure long after the loan was paid off; to communicate directly with Plaintiffs after the lawsuit was filed; and the other items alleged in this Amended Complaint.

78. The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiffs, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

79. As a result of such intrusions and invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendant.

80. All acts of Defendant and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

81. Defendant Caliber intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiffs' privacy.

82. Defendant Caliber intentionally, recklessly, and/or negligently caused emotional harm to Plaintiffs by engaging in highly offensive conduct in the

course of collecting this debt, thereby invading and intruding upon Plaintiffs' right to privacy.

83. Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns or affairs, and private financial information.

84. The conduct of Defendant Caliber, in engaging in the above-described illegal collection conduct against Plaintiffs, resulted in multiple intrusions and invasions of privacy by Defendant Caliber which occurred in a way that would be highly offensive to a reasonable person in that position.

85. All of the other wrongful acts described in this Amended Complaint demonstrate the wrongful scheme, plan, and design of Defendant Caliber in its campaign of improper debt collection which has led to the Plaintiffs' privacy being invaded.

86. As a result of such intrusions and invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendant Caliber.

87. All acts of Defendant Caliber were committed with malice, intent, wantonness, and/or recklessness and as such Defendant Caliber is subject to punitive damages.

## COUNT III.

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

88. Plaintiffs incorporate by reference all of the paragraphs of this Amended Complaint as though fully stated herein.

89. Defendant Caliber's collectors are allowed and encouraged to break the law in order to collect debts.

90. The proof of this will be established in discovery and is also demonstrated by the continued violations of the law by Defendant Caliber, including after the lawsuit was served on Defendant.

91. This includes all of the violations of the law described in this Amended Complaint.

92. Defendant Caliber is aware of the wrongful conduct of its collectors.

93. Defendant Caliber negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiffs, and Defendant Caliber is thereby responsible to the Plaintiffs for the wrongs committed against Plaintiffs and the damages suffered by Plaintiffs.

## COUNT IV.

## MALICIOUS AND INTENTIONAL CONDUCT

94. All paragraphs of this Amended Complaint are expressly adopted and incorporated herein as if fully set forth herein.

95. Defendant Caliber had a duty, and assumed a duty, to treat Plaintiffs fairly and with reasonable care.

96. Defendant Caliber had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiffs.

97. Defendant Caliber acted with malice, and/or intentional conduct in its dealings with and about Plaintiffs as set forth in this Amended Complaint.

98. Defendant Caliber violated all of the duties Defendant Caliber had and such violations were made intentionally, willfully and maliciously.

99. It was foreseeable, and Defendant Caliber did in fact foresee that the actions of Defendant Caliber would lead and did lead to the exact type of harm suffered by Plaintiffs.

100. Defendant Caliber acted with malice, and/or intentional conduct in its dealings with and about Plaintiffs as set forth in this Amended Complaint.

101. Defendant Caliber invaded the privacy of Plaintiffs as set forth in Alabama law.

102. Such malice, willfulness, and/or intentional conduct proximately caused the damages set forth in this Amended Complaint.

103. As a result of this conduct, action, and inaction of Defendant Caliber, Plaintiffs have suffered damages as set forth in this Amended Complaint.

## COUNT V.

## CONVERSION AND TRESPASS TO CHATTEL

104. All paragraphs of this Amended Complaint are expressly adopted and incorporated herein as if fully set forth herein.

105. Defendant Caliber wrongfully converted (and committed trespass to chattel) the specific and identifiable funds it held that belonged to Plaintiffs.

106. Defendant Caliber knew that these funds (the exact amount is unknown by Plaintiffs but Caliber's records will detail this) belonged to Plaintiffs but it refused to promptly and fully return these funds to Plaintiffs.

107. Defendant Caliber thereby exercised dominion and control over these funds.

108. Defendant Caliber deprived Plaintiffs of their ownership, use, and enjoyment of these specific funds.

109. It was foreseeable, and Defendant Caliber did in fact foresee it, that the actions of Defendant Caliber would lead and did lead to the exact type of harm suffered by Plaintiffs.

110. Such wrongful actions proximately caused the damages set forth in this Amended Complaint.

111. As a result of this conduct, action, and inaction of Defendant Caliber, Plaintiffs have suffered damages as set forth in this Amended Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, **PREMISES CONSIDERED,** Plaintiffs pray that judgment be entered against Defendant for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiffs claim more than $75,000.00), costs, expenses, fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

**Attorneys for Plaintiffs**

**PLAINTIFFS DEMAND A TRIAL BY JURY IN THIS CAUSE**

/s/ John G. Watts
**Attorney for Plaintiffs**

19

## **CERTIFICATE OF SERVICE**

      I hereby certify that on **August 25, 2014**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

C. Meade Hartfiled, Esq.
Catherine C. Long, Esq.
Julie Schiff, Esq.
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
420 20th Street North
Wells Fargo Tower, Suite 1400
Birmingham, Alabama 35203

                                               /s/ John G. Watts
                                               OF COUNSEL