# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BRUCE MCLEOD** and **GWENDOLYN MCLEOD,** | ) ) ) |
| **Plaintiffs,** | ) ) |
| vs. | ) ) **Case No: CV-14-B-0703-S** |
| **CALIBER HOME LOANS, INC.** f/k/a **VERICREST FINANCIAL, INC.,** | ) ) ) ) ) |
| **Defendant.** | ) |

## ANSWER TO AMENDED COMPLAINT

Defendant Caliber Home Loans, Inc. f/k/a Vericrest Financial, Inc. ("Caliber") submits its Answer to Plaintiffs Bruce and Gwendolyn McLeods' (collectively, "Plaintiffs") Amended Complaint as follows:

1.  This paragraph states a legal conclusion that does not call for a response from Caliber. However, Caliber denies having committed any wrongdoing and denies that Plaintiffs are entitled to any relief whatsoever.

2.  This paragraph states a legal conclusion that does not call for a response from Caliber. However, Caliber denies having committed any wrongdoing and denies that Plaintiffs are entitled to any relief whatsoever.

## PARTIES

3. Caliber lacks knowledge or information sufficient to form a belief as to the truth of the averments that Bruce McLeod is a resident of Florida and Gwendolyn McLeod is a resident of Alabama and states that the remaining averment in this paragraph states a legal conclusion that does not call for a response from Caliber.

4. Denied. Caliber is a Delaware corporation with its principal place of business in Texas that conducts business in Alabama.

## VENUE

5. Caliber does not contest venue.

## STATEMENT OF FACTS

6. This paragraph states a legal conclusion that does not call for a response from Caliber.

7. Caliber admits that Plaintiffs executed a promissory note (the "Note") in favor of Mortgage America, Inc. (the "Lender"), secured by a mortgage (the "Mortgage") for real property located at 3316 Blue Bell Lane, Birmingham, Alabama 35242 (the "Property").

8. Caliber admits that it became the servicer for the Loan on or about April 15, 2013.  Caliber denies the remaining averments contained in this paragraph.

9. Caliber admits that it first contacted Plaintiffs regarding the transfer of the servicing of their mortgage on or about April 23, 2013.

10. Caliber asserts that the representation referenced in this paragraph speaks for itself.

11. Denied.

12. Denied.

13. Caliber lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

14. Caliber admits that information regarding a modification to the terms of Plaintiffs' loan received from the prior servicer resulted in an incorrect calculation of the stated balance of the loan at the time Caliber began as servicer. Following its receipt of the information regarding the loan modification, the balance of the loan was corrected.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Caliber denies that its conduct caused Plaintiffs to lose a potential sale of the real property securing the loan.

20. Denied.

21. Caliber asserts that the July 26, 2013 letter speaks for itself and further asserts that it issued a new Debt Validation Notice along with the July 26, 2013 letter.

22. Caliber denies Plaintiffs have suffered any damages caused by Caliber's servicing of the subject loan.

23 Denied.

24. Denied.

25. Denied.

26. Denied.

27. This paragraph states a legal conclusion that does not require a response from Caliber.

28. This paragraph states a legal conclusion that does not require a response from Caliber.

29. This paragraph states a legal conclusion that does not require a response from Caliber.

30. Denied.

31. This paragraph states a legal conclusion that does not require a response from Caliber. To the extent a response is deemed required, Caliber denies the averments in this paragraph.

32. Denied.

33. This paragraph does not require a response from Caliber.

34. Caliber denies committing the "activities" referenced within this paragraph.

35. Caliber admits that Plaintiffs filed their Complaint on April 16, 2014.

36. Denied. The "statement" provided to Plaintiffs dated April 28, 2014 was regarding a refund of an escrow disbursement that Caliber received from USAA, not an indication that Plaintiffs owed a payment on the loan.

37. Denied.

38. Caliber states that the disclosure dated April 28, 2014 speaks for itself.

39. Caliber states that the disclosure dated April 28, 2014 speaks for itself.

40. Caliber admits that the principal balance of the mortgage was satisfied.

41. Caliber states that the disclosure dated April 28, 2014 speaks for itself. Caliber denies that it threatened Plaintiffs.

42. Caliber admits that the principal balance of the mortgage was satisfied.

43. Caliber admits that the principal balance of the mortgage was satisfied.

44. Caliber denies that it threatened to charge fees. Caliber states that the disclosure dated April 28, 2014 speaks for itself.

45. Denied.

46. The "statement" provided to Plaintiffs dated April 28, 2014 was regarding a refund of an escrow disbursement that Caliber received from USAA, not an indication that Plaintiffs owed a payment on the loan.

47. The "statement" provided to Plaintiffs dated April 28, 2014 was regarding a refund of an escrow disbursement that Caliber received from USAA, not an indication that Plaintiffs owed a payment on the loan.

48. Denied.

49. Denied.

50. Denied.

51. This paragraph states a legal conclusion that does not require a response from Caliber. To the extent a response is deemed required, Caliber denies the averments in this paragraph.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. This paragraph states a legal conclusion that does not require a response from Caliber. To the extent a response is deemed required, Caliber denies the averments in this paragraph.

62. This paragraph states a legal conclusion that does not require a response from Caliber. To the extent a response is deemed required, Caliber denies the averments in this paragraph.

63. Denied.

64. Denied.

65. Denied.

## COUNT I

66. Caliber adopts and incorporates all previous responses as if specifically stated herein.

67. Denied.

68. Denied. Additionally, Caliber asserts that Plaintiffs are not entitled to any of the damages they seek, or to any relief whatsoever.

## COUNT II

69. Caliber adopts and incorporates all previous responses as if specifically stated herein.

70. Denied.

71. This paragraph states a legal conclusion that does not require a response from Caliber.

72. This paragraph states a legal conclusion that does not require a response from Caliber.

73. Denied.

74. Denied.

75. Denied.

76. This paragraph states a legal conclusion that does not require a response from Caliber. To the extent a response is deemed required, Caliber denies the averments in this paragraph.

77. Denied.

78. Denied.

79. Denied. Additionally, Caliber asserts that Plaintiffs are not entitled to any of the damages they seek, or to any relief whatsoever.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

## COUNT III

88. Caliber adopts and incorporates all previous responses as if specifically stated herein.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

## COUNT IV

94. Caliber adopts and incorporates all previous responses as if specifically stated herein.

95. This paragraph states a legal conclusion that does not require a response from Caliber. To the extent a response is deemed required, Caliber denies the averments in this paragraph.

96. This paragraph states a legal conclusion that does not require a response from Caliber. To the extent a response is deemed required, Caliber denies the averments in this paragraph.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

## COUNT V

104. Caliber adopts and incorporates all previous responses as if specifically stated herein.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

### PRAYER FOR RELIEF:

Caliber asserts that Plaintiffs are not entitled to any of the damages they seek in their Prayer for Relief, or to any relief whatsoever.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Some or all of Plaintiffs' allegations fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred under the doctrines of estoppel, collateral estoppel, and res judicata.

### THIRD DEFENSE

Plaintiffs' claims are barred by the doctrine of laches and applicable statutes of limitation.

### FOURTH DEFENSE

Plaintiffs' damages, if any, were not proximately caused by any act or omission on the part of Caliber and were caused, if at all, by third parties not under Caliber's control.

## FIFTH DEFENSE

Plaintiffs failed to mitigate their alleged damages.

## SIXTH DEFENSE

Caliber is entitled to setoff, offset, and recoupment.

## SEVENTH DEFENSE

Plaintiffs' claims are barred by the parol evidence rule, statute of frauds, and a failure of consideration.

## EIGHTH DEFENSE

There is a lack of causal relation between any action by Caliber and any alleged damage claimed by Plaintiffs.

## NINTH DEFENSE

Caliber denies any allegation of Plaintiffs' Complaint that is not expressly admitted above.

## TENTH DEFENSE

Caliber pleads the economic loss rule, and money had and received.

## ELEVENTH DEFENSE

Caliber acted with a good-faith belief that its actions were lawful.

## TWELFTH DEFENSE

Caliber pleads contributory negligence and assumption of risk.

**THIRTEENTH DEFENSE**

Plaintiffs waived the right to some or all of the relief demanded.

**FOURTEENTH DEFENSE**

Some or all of Plaintiffs' claims fail because Caliber is not a debt collector as that term is defined by the Fair Debt Collection Practices Act ("FDCPA").

**FIFTEENTH DEFENSE**

Caliber asserts all affirmative defenses provided within the FDCPA.

**SIXTEENTH DEFENSE**

Some or all of Plaintiffs' claims are preempted by the FDCPA.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims are barred because they have failed to join one or more indispensable parties.

**EIGHTEENTH DEFENSE**

Some or all of Plaintiffs' claims fail because they have not alleged and cannot establish that they have suffered special damages.

**NINETEENTH DEFENSE**

Caliber asserts that any award of punitive damages to Plaintiffs would violate the United States and/or Alabama Constitutions.

## TWENTIETH DEFENSE

An award of punitive damages in this case would violate Articles I, Sections 1, 6, 9, 12, and 15 of the Constitution of Alabama of 1901.

## TWENTY-FIRST DEFENSE

Caliber pleads that any award of punitive damages in this case is subject to those limitations set forth in Alabama Code Sections 6-11-20, -21, and -27.

## TWENTY-SECOND DEFENSE

Caliber asserts that any award of punitive damages would violate the Due Process and Equal Protection Clauses of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

## TWENTY-THIRD DEFENSE

Caliber reserves the right to amend or supplement these affirmative defenses based upon discovery of new or additional information.

Respectfully submitted,

s/ Catherine Crosby Long
CATHERINE CROSBY LONG

An Attorney for Defendant Caliber Home Loans, Inc.

**OF COUNSEL:**

BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, P.C.
420 20th Street North
Wells Fargo Tower, Suite 1400
Birmingham, Alabama 35203
Telephone (205) 328-0480
Facsimile (205) 322-8007
clong@bakerdonelson.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2014, the foregoing has been served upon the following individuals via this Court's electronic filing system or US First Class Mail, postage prepaid and properly addressed as follows:

Mr. John G. Watts
Mr. Stan Herring
WATTS & HERRING, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 (fax)
john@wattsherring.com
stan@wattsherring.com

                                         /s/ Catherine Crosby Long
                                         OF COUNSEL