FILED
2014 Dec-23  PM 04:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRUCE MCLEOD and GWENDOLYN MCLEOD, <br><br> Plaintiffs, <br><br> v. <br><br> CALIBER HOME LOANS, INC. f/k/a VERICREST FINANCIAL, INC., <br><br> Defendant. | Civil Action No.: <br> 2:14-cv-00703-SLB |

## JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER

COME NOW Plaintiffs Bruce McLeod and Gwendolyn McLeod and Defendant Caliber Home Loans, Inc. f/k/a Vericrest Financial, Inc. ("Caliber"), through their respective attorneys of record, and request this Honorable Court enter the Stipulated Protective Order attached as Exhibit A and as grounds states as follows:

1. Documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential information and/or research, development, technology or other proprietary information belonging to the defendant and/or personal income, credit and other confidential information of Plaintiff.

2. The Parties seek an Order of this Court protecting such confidential information.

3. The parties jointly move this Court for said Order.

4. Said Order is attached hereto as Exhibit "A."

Respectfully submitted this 23rd day of December, 2014.

| | |
|---|---|
| /s/ M. Stan Herring | /s/Natalie R. Bolling |
| John G. Watts (ASB-5819-t82j) | Catherine C. Long |
| M. Stan Herring (ASB-1074-n72m) | C. Meade Hartfield |
| Watts & Herring, LLC | Natalie R. Bolling |
| The Kress Building | Julie Schiff |
| 301 19th Street North | BAKER DONELSON BEARMAN |
| Birmingham, Alabama 35203 | CALDWELL & BERKOWITZ, PC |
| (205) 879-2447 | 420 N. 20th Street, Suite 1400 |
| (888) 522-7167 *facsimile* | Birmingham, AL 35203 |
| john@wattsherring.com | clong@bakerdonelson.com |
| stan@wattsherring.com | mhartfield@bakerdonelson.com |
| | jschiff@bakerdonelson.com |
| *Attorneys for Plaintiffs* | nbolling@bakerdonelson.com |
| | *Attorneys for Defendant* |

# EXHIBIT

# "A"

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRUCE MCLEOD and<br>GWENDOLYN MCLEOD,<br><br>    Plaintiffs,<br><br>v.<br><br>CALIBER HOME LOANS, INC.<br>f/k/a VERICREST FINANCIAL,<br>INC.,<br><br>    Defendant. | Civil Action No.:<br>2:14-cv-00703-SLB |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED BY AND BETWEEN Plaintiffs, Bruce McLeod and Gwendolyn McLeod ("Plaintiffs"), and Defendant Caliber Home Loans, Inc. f/k/a Vericrest Financial, Inc. ("Defendant"), through their respective attorneys of record, as follows:

WHEREAS, documents, testimony and information have been and may be sought, produced or exhibited by and among the parties relating to trade secrets, proprietary systems, confidential commercial information, confidential research and development, or other proprietary information belonging to Defendant and/or credit and other confidential information of Plaintiffs;

THEREFORE, this Court orders as follows:

1

1. This Order shall govern the use, handling, and disclosure of all documents, testimony, or information produced or given in this action that are designated to be subject to this Order in accordance with the terms hereof.

2. Any party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order as confidential by typing or stamping on the front of the documents, or on portions of the documents for which confidential treatment is desired, "Confidential" if the party has a reasonable and good faith belief that the material contains personal income, credit, or other information of the Plaintiffs, or a trade secret or other confidential research, development, or commercial information of the Defendant. In any dispute over the designation of materials as confidential, the designating party shall have the burden of proving that the materials constitute personal income, credit, or other information of the Plaintiffs, or a trade secret or other confidential research, development, or commercial information of the Defendant.

3. If a party provides a written objection to the designating party as to the designation of material as confidential, the designating party shall submit a motion to the court within fourteen (14) days of such objection or the material will not be subject to this Order. If a motion is timely filed by the designating party, the material will be subject to this Order pending a ruling by the court.

4. All documents or other materials subject to this Order shall not be used, directly or indirectly, by any person, including the other defendants, for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

5. Except with the prior written consent of the party asserting confidential treatment or pursuant to court order, any document or materials given confidential treatment under this Order, and any information contained in or derived from any such materials, may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than the Court and:

    A. Parties to this litigation;

    B. Counsel for the respective parties to this litigation and clerks, paralegals, secretaries, or other employees of counsel;

    C. Witnesses expected to be deposed or to testify in court or by affidavit in this litigation;

    D. Experts specially retained as consultants or expert witnesses in connection with this litigation.

6. Documents produced pursuant to this order shall not be made available to any person designated in subparagraph 5(D) unless he or she shall

have first read this Order and agreed to be bound by its terms by signing the attached Declaration of Compliance.

7. The parties and their attorneys shall take all necessary and proper steps to preserve the confidentiality of, and to protect the rights of, the party asserting confidential treatment with respect to any confidential information designated by said party in accordance with this Order.

8. If confidential information submitted in accordance with this Order is disclosed to any person other than in a manner authorized by this Order, the party responsible for the disclosure must immediately upon learning of the disclosure bring all pertinent facts relating to such disclosure to the attention of the party asserting confidential treatment, and make every effort to prevent further disclosure by the responsible party or by the person who was the recipient of such information.

9. Nothing set forth herein prohibits the use in this litigation of any information designated as "Confidential."

10. The Court may for good cause modify this Order or grant any party relief therefrom.

11. After the final termination of this litigation, and upon written notice by the designating party, all documents or other materials afforded confidential

treatment pursuant to this Order, shall, upon request, be returned to the party or destroyed.

Agreed and stipulated to by:

Dated: December 23, 2014

/s/Natalie R. Bolling
Catherine C. Long
C. Meade Hartfield
Natalie R. Bolling
Julie Schiff
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC
420 N. 20th Street, Suite 1400
Birmingham, AL 35203
clong@bakerdonelson.com
mhartfield@bakerdonelson.com
jschiff@bakerdonelson.com
nbolling@bakerdonelson.com
*Attorneys for Defendant*

/s/ M. Stan Herring
John G. Watts
M. Stan Herring, Jr.
WATTS AND HERRING LLC
301 19th Street North
Birmingham, AL 35203

Attorneys for Plaintiffs

## ORDER

GOOD CAUSE APPEARING THEREFORE,

IT IS SO ORDERED.

Dated: _____     _____
                            Judge

5